[No. 5896. Decided February 23, 1906.]

JOSEPH O'NEIL, *Respondent,* v. KATE LINDSEY *et al.,*
*Defendants,* MARY HURLEY, *as Executrix etc.,*
*Appellant.*[1]

NEW TRIAL—CONTINUANCE—SURPRISE. In an action upon a promissory note brought against the wife, as executrix of the estate of her husband, one of the joint makers of the note, in which the plaintiff had alleged payments tolling the statute of limitations, without specifying by whom the payments had been made, the defendant is entitled to a continuance of the case or a new trial, where the court had denied her motion to make the complaint more definite and certain by stating by whom, to whom, and when the payments had been made, and where it appears that she was surprised at the trial by the evidence of a witness who claimed to have acted as agent of the holder of the note, and who testified to a payment of $2 made by the deceased in September, 1897, at the city of S. which was the

[1]Reported in 84 Pac. 603.

payment relied upon by the plaintiff to toll the statute; and where
the defendant testified at the trial that the deceased had been a help-
less invalid since 1896, unable to attend to any business or make any
payments on the note, and that he had not been at the city of S
but once since 1896, when she accompanied him, and that she could
not state at the time what year that trip was made, but would be
able to do so if time was given to communicate with parties at S;
and after the trial affidavits were produced to the effect that the
aforesaid trip to S had been made in April 1900.

Appeal from a judgment of the superior court for Mason
county, Linn, J., entered April 21, 1905, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action upon a promissory note.
Reversed.

*J. W. Robinson,* for appellant.
*Phil Skillman* and *G. C. Israel,* for respondent.

HADLEY, J.—This is an action to procure a judgment upon
a promissory note, and to foreclose a mortgage given to se-
cure the same. It is alleged, that the note was for $282.50,
dated February 1, 1896, payable three months after date,
and executed by Kate Hurley, now Kate Lindsey, and also
by Mary Hurley and Dennis Hurley; that the mortgage was
executed on the same date by said Kate Hurley; that both
note and mortgage were made to Hobart G. Hagan, as payee
and mortgagee, respectively; and that plaintiff, by assign-
ment, is the holder thereof. It is alleged that certain pay-
ments were made upon the note. Dennis Hurley having
died, testate, before the commencement of this suit, the said
Mary Hurley was made defendant in her own right, and also
as the executrix of the will of the deceased Dennis Hurley.
Kate Hurley was made defendant under her present name
of Kate Lindsey, together with her husband Price Lindsey.
It is alleged that, prior to this suit, the claim based upon
the note was duly presented to the said executrix, and by
her rejected.

The defendants moved the court to require the complaint

to be made more definite and certain, in the particular that plaintiff should state by whom, to whom, and upon what dates the payments alleged to have been made were made. The motion was denied. The said executrix answered separately, denying the material allegations of the complaint, and pleading the statute of limitations. The defendants other than the executrix answered similarly by separate pleading. The cause was tried by the court without a jury. The defendants other than the executrix were dismissed from the action, foreclosure was denied, and judgment was rendered against the executrix for $787.69 and costs, from which she has appealed.

It is assigned that the court erred· in not sustaining appellant's motion to make the complaint more definite and certain with respect to the allegations as to payments, and also in refusing to re-open the case for further testimony, or for a new trial. The complaint showed upon its face that the note was barred by the statute of limitations, in the absence of payments thereon. There were three makers of the note, and while the complaint alleges that payments were made, yet it does not allege by whom or to whom they were made. It is alleged that a payment of $2 was made in September, 1897, the day not given. It is upon this alleged payment that respondent relies to prevent the bar of the statute. To make such payment binding upon the deceased Hurley in the way of tolling the statute, it was necessary that it should have been made by him, or by his authority, and with his knowledge and consent. He being dead, it was but reasonable that respondent should have advised the executrix if he claimed that the payment was made by the deceased. The court having declined to require this, appellant was met at the trial by the testimony of a witness who claimed that, acting as agent of the holder of the note, she received from the deceased Hurley, at Seattle, in September, 1897, $2 as a paymnt upon the note. The witness admitted that the indorsement upon the note of the credit for the alleged pay-

ment was made in her own handwriting, and that it was not placed there until a short time before this suit was brought, about five and one-half years after she claims the payment was made.

The executrix, who is the widow of the deceased Hurley, was surprised by this testimony. She testified that, soon after the note was given, the deceased became so afflicted physically and mentally that he could not transact any business, and that from some time in 1896 she transacted all the business for the two, and did so continually to the time of his death in July, 1902; that during those years her husband never left home unless she was with him; that he never had to exceed twenty-five or fifty cents in money with him at any one time during those years; that he was never in Seattle but once after 1896, and that she was with him during that time; that he could not have made the alleged payment in Seattle without her knowledge, and that she had no such knowledge. She could not then remember certainly the year that they made the trip to Seattle, but stated that if she could be allowed to communicate with certain parties in Seattle, she could show by them the date when her husband was there, and the only time he was there after 1896.

After the trial, she produced affidavits to the effect that the aforesaid trip to Seattle was not made in the year 1897, but was made in April, 1900. She asked that the case might be reopened, or that she might have a new trial, in order that she might introduce testimony upon the above subject, shown by the affidavits to be available. This was denied. We think, in view of the fact that the court had denied the motion to make the complaint more definite upon the subject of payments, that it was error to deny appellant the opportunity she asked. The cause was tried by the court, and could easily have been re-opened if a full new trial was thought unnecessary. If the complaint had been made more definite, appellant might have been apprised before the trial of what she was required to meet. But, as it was, she clearly did not

know until the witness who claims to have received the payment had testified. If the deceased was not in Seattle in the year 1897, then the payment could not have been made as testified by the witness. Under all the circumstances, we think appellant is entitled to introduce the proposed testimony.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

MOUNT, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.